### BROWN v. HUBER.

(Supreme Court, Appellate Division, Third Department. March 21, 1905.)

DEFAULT JUDGMENT—SETTING ASIDE.

> Defendant was in court with his witnesses and one of his attorneys on the day the action was set for trial. Another attorney of his having taken sick, the case was postponed until the following day; and defendant, after postponement, abandoned the case and went to his home, in another county. On the following day, judgment was taken against him in his absence. *Held* that, in the absence of any excuse for his abandonment of the case, defendant was not entitled to have the judgment set aside, and a trial on the merits.

Appeal from Special Term, Essex County.

Action by Manley W. Brown against George H. Huber. Plaintiff had judgment in the absence of defendant, and from an order denying a motion to set aside the judgment, and the execution issued thereon, and to allow him to defend the action on the merits, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Robert Dornburgh, for appellant.
Smith & Wickes (Frank B. Wickes, of counsel), for respondent.

CHASE, J. Defendant is a resident of the city of New York, but owns a hotel and other real property in the county of Essex. Plaintiff delivered merchandise at said hotel, and it was there used. This action was commenced in September, 1903, to recover from the defendant for such merchandise. Defendant appeared in the action by one Dornburgh, as his attorney, and denied that he purchased or promised to pay for said merchandise. In February, 1904, an action was commenced by one Lockwood, as attorney for another plaintiff, against one Clark, for merchandise delivered to and used at said hotel. Clark appeared in that action by said Dorn-

burgh, as his attorney, and denied that he purchased or promised to pay for said merchandise. The controlling question in each case was whether Clark had purchased the merchandise mentioned individually, or as the agent of the defendant in this action.

The first trial term in Essex county after said actions were at issue was held commencing May 16, 1904, at which term both of said actions were on the calendar and noticed for trial. About two weeks before said term, defendant, by letter, employed said Lockwood to assist Dornburgh in the defense of this action. The witnesses were subpœnaed for May 16th. On that day the witnesses were all present in court, except two, who by consent remained at an adjoining town on a promise that they would be in court the next morning. Defendant attended from New York City, and said Lockwood was with him. Said Dornburgh was taken ill on the morning of May 16th, at his office, in a town in Essex county, several miles from the county seat, and suffered from a lapse or partial lapse of memory. He was taken to his home, and there remained for four days, too ill to attend to business. A physician was called to attend him, and he made a certificate as follows:

"This is to certify that I have professionally visited Robert Dornburgh this a. m. and find him in a most confused state of mind, and totally unable to transact any business, the cause thereof I am wholly at a loss to state."

Dornburgh's stenographer gave the certificate to an attorney occupying offices in the same building with Dornburgh, and asked him to present it to the court. At the opening of court, defendant was present in person with Lockwood, who had previously been employed to assist Dornburgh in the defense of this case. Defendant and Lockwood knew of Dornburgh's illness, and, by an arrangement made between the attorneys for the plaintiff and said Lockwood, it was agreed that this action should be postponed until the next day, to enable the defendant to have the witnesses present in court, and to prepare for an application to postpone the trial of the action if defendant should decide to make such application; and the justice presiding at the trial term set the case down for the next day. On the same day defendant and his counsel, Lockwood, left the town where the court was held, without making any further arrangement in regard to said case, or as to the trial or postponement thereof. About noon on the next day the case was reached for trial, and there was no appearance for the defendant. The attorney to whom the certificate of the physician had been given by Dornburgh's stenographer the previous morning handed it to the court, and stated, in substance, that he had nothing to do with the case, except to deliver the certificate in accordance with said request of Dornburgh's stenographer.

On the facts appearing as stated, the court took the evidence offered by the plaintiff, and rendered judgment against the defendant for $213.35, besides costs. In July thereafter, and after an execution had been issued on said judgment, the papers were prepared for this motion, but the same was not heard until October 3d.

While the record shows that Dornburgh was actually ill on the day when the trial term convened, and remained too ill to attend

to his duties as an attorney for several days thereafter, said Lockwood, from his connection with the litigation, must have been familiar with the facts relating to the issues to be tried. If, for any reason, the defendant and his counsel were unwilling to proceed with the trial without Dornburgh, they had sufficient time to procure affidavits showing that Dornburgh was too ill to be present on the second day of the court, and also of any other facts showing or tending to show that the trial of the action should be postponed. On the evening of May 16th one of the plaintiff's attorneys talked with said Lockwood by telephone, and asked him if he was not the defendant's attorney, and, on his replying that he was, said, "I want to notify you that your case is set down for trial to-morrow morning, and that you had better be there to see to it," to which Lockwood replied, "All right."

This motion is made on behalf of the defendant. It is to relieve the defendant, and not Dornburgh, that the favor is asked. The defendant, although unable to have Dornburgh at the trial, was not left unprotected by reason of his absence. He had all his witnesses in court, and he should, with Lockwood or other counsel, have proceeded in the trial of the action on the merits, or he should have made an application to the court to postpone the trial; but, instead of doing so, he deliberately abandoned the case and ignored the court, and, after going to see Dornburgh, departed from the county. The judgment obtained in his absence seems to have been the natural result of his intentional disregard of the case and the court. For such abandonment of the case and disregard of the court the defendant does not now offer any real excuse. The justice who presided at the Trial Term held the Special Term at which the order appealed from was made. He had personal knowledge of what occurred before him, and he has exercised his discretion in denying the motion, and with such discretion we should not interfere in this case.

The order should be affirmed, with $10 costs and disbursements. All concur.